# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REX G. STONE,

       Petitioner,

v.                                                                                 Case No. 10-C-122

WILLIAM POLLARD,

       Respondent.

## DECISION AND ORDER DENYING WRIT OF HABEAS CORPUS

On February 4, 2005, Petitioner Rex G. Stone ("Stone" or "Petitioner") pleaded no contest in Shawano County Circuit Court to one count of displaying pornographic images to a child and no contest to one count of second degree sexual assault of a child. On April 11, 2005, the Court sentenced Stone to twelve years in prison and seven years on extended supervision. On February 12, 2010, after exhausting his appeals at the state level, Stone filed a petition for federal habeas relief under 28 U.S.C. § 2254, in which he asserts that the representation provided by his attorney was constitutionally inadequate. Specifically Stone alleges that his attorney failed to object to various defects in the complaint, properly investigate potentially exculpatory information and devote sufficient time to Stone's case. As a result, Stone alleges his conviction resulted from a denial of his Sixth Amendment right to counsel.

Because the state court decisions adjudicating these claims reasonably applied clearly established federal law and reasonably determined the facts in light of the evidence, the petition will be denied.

**BACKGROUND**

The allegations that gave rise to the charges against Stone stem from actions directed toward his 15 year-old twin stepdaughters between 2003 and 2004. On October 27, 2004, one of his stepdaughters reported to a high school guidance counselor that Stone had displayed pornographic pictures to her. (Dkt. 8, Ex. B, App at 104-105.) The counselor immediately called police and an investigation followed. Within two hours of the report, police interviewed the twin who made the disclosure to the school counselor. The next day police interviewed the other twin who revealed more serious sexual contact by Stone. (Dkt. 8, Ex. B, App at 106-110.) Based on the information disclosed to police, Stone was charged with one count of exhibiting pornographic images to a minor, one count of violation of the terms of his bond, and three separate counts of sexual contact with minors.

Stone was represented by an attorney from the Office of the State Public Defender. After reviewing the complaint and discovery with his attorney, Stone decided to enter a plea of no contest to two of the five charges to take advantage of the state's offer to dismiss the other charges. (Dkt. 8, Ex. B. App. 118-120.) Specifically, Stone agreed to plead no contest to count one (exhibiting pornography to a minor) and no contest to count three (sexual contact with a child). In exchange, the state agreed to dismiss the other three counts, which would then be read in for purposes of sentencing. This plea agreement reduced Stone's potential imprisonment from 124 years to just under 44 years. On February 4, 2005 the trial court accepted Stone's pleas. (*Id.*) Sentencing was adjourned in order to allow preparation of a Presentence Investigation report ("PSI").

On April 11, 2005 Stone was sentenced. On count one he received three years, bifurcated between one year of initial confinement and two years extended supervision. On count three Stone

received nineteen years, bifurcated between twelve years of initial confinement and seven years of extended supervision. The trial judge ordered the two sentences to run concurrent to one another. (Dkt. 8, Ex. A.)

Shortly after his conviction and incarceration Stone decided to seek post-conviction relief. His attorney filed first filed a motion for post-conviction relief which was denied by the trial court. (Dkt. 8, Ex. B. App. 132-134.) On appeal, Stone's counsel filed a no-merit report. (Dkt. 8, Ex. B.) The Wisconsin Court of Appeals affirmed the trial court's judgement and order on December 12, 2006. (Dkt. 8, Ex. C.) The Wisconsin Supreme Court affirmed. (Dkt. 8, Ex. D.) On October 1, 2007 Stone filed a motion to withdraw his plea (Dkt. 8, Ex. E.) which the Shawano County Circuit Court denied ten days later. (Dkt. 8, Ex. F.) Stone appealed, and on April 21, 2009, the Wisconsin Court of Appeals affirmed the denial of his motion to withdraw his plea. (Dkt. 8, Ex. L.) On September 24, 2009 the Wisconsin Supreme Court denied his petition for review. (Dkt. 8, Ex. N.) After exhausting his state court remedies, Stone now brings the subject petition for federal habeas review. (Dkt. 1.)

**ANALYSIS**

**I. Habeas Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs review of Stephens's petition. Under that statute, a federal court may not grant habeas relief unless the State court's adjudication of the claim resulted in a decision that was (1) "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court

of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence produced in the State court proceeding." 28 U.S.C. § 2254(d).

> [A] state court decision involves an unreasonable application of clearly established law if the state court identifies the correct rule and unreasonably applies it to the facts, or if the state court unreasonably extends, or refuses to extend, a rule of law. In determining whether Supreme Court precedent has been applied unreasonably, we do not ask simply whether the state court's application was erroneous, or even clearly erroneous, but whether the decision was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).

*Williams v. Bartow*, 481 F.3d 492, 498 (7th Cir. 2007). Moreover, factual determinations by a State court carry a "presumption of correctness" which requires "clear and convincing evidence" to overcome. 28 U.S.C. § 2254(e)(1).

In evaluating an application for habeas corpus pursuant to the judgment of a state court, facts determined by the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant is burdened with rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(d).

When determining whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law, lower federal courts must look exclusively to Supreme Court precedent in reviewing habeas petitioners' claims. *Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir. 1997). Petitioners "must show that the Supreme Court has 'clearly established' the propositions essential to their position." *Mueller v. Sullivan*, 141 F.3d 1232, 1234 (7th Cir. 1998). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

4

The state court decision involves an unreasonable application of such law if "the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

## II. Federal Law on Ineffective Assistance of Counsel

Ineffective assistance of counsel, if properly established, may be a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a counsel's performance must be both deficient and prejudicial. 466 U.S. at 687. To be "deficient" an attorney must have made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To be "prejudicial" the counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (*Id.*) The two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel**.** *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). On his state court appeals, Stone bore the burden of showing that his trial counsel's performance was both deficient and prejudicial. *Id.*

In determining whether counsel is deficient, Wisconsin courts review the case from the counsel's perspective at the time of the plea. *State v. Johnson*, 449 N.W.2d 845, 847-48 (Wis. 1990) citing *Strickland v. Washington*, 466 U.S. at 687. This type of review is required to eliminate the distorting effects of hindsight because it is "all too tempting for a defendant to second-guess counsel's assistance after conviction." *Id.* at 689. A convicted defendant making a claim of ineffective assistance must specifically identify the "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The Supreme Court holds

5

that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* at 689.

Assuming a convicted prisoner can overcome this strong presumption and prove his counsel was deficient, the prisoner must also prove that the deficient representation prejudiced the prisoner's case. *United States v. Morrison*, 449 U.S. 361, 364-365 (1981). In order to satisfy the "prejudice" requirement in a guilty plea context, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. at 59**.**

In nearly all situations *Strickland* places the burden on the defendant to affirmatively prove prejudice. "Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. at 687.

### III. Stone's Allegations of Ineffective Assistance

Stone's habeas petition is based on four grounds, each alleging ineffective assistance of counsel. First Stone claims that his trial counsel failed to object to the complaint because the complaint did not say "who says so." In other words, it failed to identify the source of the allegations. Second Stone argues that his trial counsel failed to object to the third charge in the complaint because it was not specific enough on the dates of the alleged sexual offense, stating only that the sexual contact took place between "September 2003 and December 2003." Stone's alleges that his attorney failed to properly investigate potentially exculpatory evidence–specifically that the attorney should have looked into whether the victim's mother had time to influence the victim's

6

statement in the twelve hours before the victim spoke with police. Fourth, Stone contends that his trial counsel did not devote sufficient time to Stone's case. This Court addresses each the four arguments presented by Stone's habeas petition in order. (Dkt. 1.)

**A) Failure to Object to Complaint for Not Stating "Who Says So"**

Stone alleges that Trial Counsel was deficient for failing to object to the complaint on the ground that the complaint did not allege the reliability of his accuser in counts three, four and five. (Dkt. 1 at 6.) The Wisconsin State Court of Appeals rejected this argument because Stone "has not established any prejudice." (Dkt. 8, Ex L at 6.) The court concluded that even if Stone's counsel objected to the complaint "undoubtedly an amended complaint would have been issued including the standard language attesting to the complainant's belief that the victim, as a citizen informant, has provided accurate information." (*Id.*) Stone did not meet his burden of proving that, but for counsel's failure to object, he would have demanded a trial rather enter a guilty plea. *Hill v. Lockhart,* 474 U.S. at 59. Put another way, assuming that Stone's counsel did object to the complaint on this basis, Stone fails to persuasively argue that he would have proceeded to trial. Thus, the Wisconsin Court of Appeals did not unreasonably apply clearly established federal law by finding Stone was not prejudiced by Trial counsel's failure to object to the complaint. Stone's habeas petition cannot be granted on this ground because the state court reasonably applied *Strickland*'s two part test.

Throughout his briefs, Stone repeatedly argues that he should not have to prove prejudice because "prejudice is presumed by the United States Supreme Court decisions in both *Strickland* and *Cronic*." (Dkt. 12 at 3.) Stone is mistaken, however. Under clearly established Supreme Court precedent prejudice is only presumed when there has been "actual or constructive denial of the

7

assistance of counsel altogether." *Strickland v. Washington*, 466 U.S. at 692 citing *United States v. Cronic,* 466 U.S. 648, 659 (1984). Courts cannot presume prejudice under *Cronic* unless counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* To meet this standard counsel must be more than simply deficient; counsel's representation must be an entire failure. In *Bell v. Cone,* the Supreme Court clarified what constitutes an "entire failure" by drawing a clear distinction between a failure to oppose the prosecution throughout an entire proceeding and a failure to do so only at specific points, concluding that a failure at specific points will not trigger a presumption of prejudice. 535 U.S. 685, 697-98 (2002), *see also Wright v. Van Patten,* 552 U.S. 120, 124-25 (2008) (noting that prejudice is presumed under *Cronic* only when counsel is either totally absent or prevented from assisting the accused during a critical stage of the proceeding, or when there is a breakdown of the adversarial process).

Here it is clear that there was no breakdown of the adversarial process and that Stone's counsel was present and provided assistance at each stage of the proceedings. Because Stone accepted the State's plea offer, there was no trial. But counsel nevertheless provided substantial assistance to Stone. Counsel apparently negotiated a favorable plea agreement reducing Stone's potential incarceration from 124 years to just under 44 years; counsel represented Stone at the plea and sentencing hearings; and counsel argued for a lighter sentence than the prosecution requested. Stone's argument that his counsel failed to object to an easily remedied defect in the charging language is far less significant than the factors deemed insufficient in *Cronic.* Accordingly, Stone is not entitled to a presumption of prejudice.

### B) Failure to Object to Four Month Time Period in Complaint

Stone next attempts to support his habeas petition by arguing that his counsel was deficient in failing to object to charging language alleging Stone had sexual contact with minors "between

September and December 2003." Stone now feels the complaint was overboard because the allegation that he committed a crime within a four month range denied him the opportunity to present an alibi defense. The Wisconsin Court of Appeals did not accept this contention, concluding "[b]ecause the victims were Stone's stepdaughters, he had access to the victims on numerous occasions. It would not be possible to make an alibi defense." (Dkt. 8, Ex. L at 5.) The Wisconsin Court of Appeals cited *State v. Fawcett*, 426 N.W.2d 91 (Wis. Ct. App. 1988), which found that even a six month charging period was constitutional, a holding that was essentially affirmed by the Seventh Circuit in its pre-AEDPA habeas review of the case. *Fawcett v. Bablitch*, 962 F.2d 617 (7th Cir. 1996). Stone attempts to distinguish *Fawcett* because the victims in that case were younger than Stone's stepdaughters. (Dkt. 10 at 7.) The fact that the victim in *Fawcett*, who was not living with his assailant, was 10 years old and Stone's stepdaughters were 15 does not raise an issue of federal law. In fact, in *Fawcett* the Wisconsin Court of Appeals specifically cited United States Supreme Court precedent for the proposition that sexual assaults of children are difficult crimes to detect and prosecute. *State v. Fawcett*, 426 N.W.2d at 94 *citing Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). The *Fawcett* decision noted that child "molestation often encompasses a period of time and a pattern of conduct. As a result, a singular event or date is not likely to stand out in the child's mind." *Id.* at 96. Objecting to a fourth month offense window, where six months was found permissible under the *Fawcett* precedent, would not have made Stone's counsel any more effective. Not only does Stone fail to meet his burden on the deficiency issue, he also cannot show prejudice. Stone does not even argue that he would have insisted on a trial had his attorney objected to the four month offense window. In sum, Stone's habeas petition is not supported because he fails to specify how he believes the Wisconsin Court of Appeals, by relying on *Fawcett*, unreasonably applied clearly established

9

federal law in rejecting his argument that his attorney was ineffective for not objecting to the four month time span of charges three to five.

### C) Failure to Properly Investigate Potentially Exculpatory Evidence

The third ground Stone relies on in support of a habeas petition is that "Stone's counsel was ineffective for failing to properly investigate the tainted statement given by the alleged victim, the exculpatory information in discovery reports and the influence the alleged victim's mother had on the statements." (Dkt. 1 at 8.) As stated above, Stone's stepdaughter reported the incident to a school counselor during the school day, who, in turn, promptly notified the police. According to Stone, police interviewed the victim 12 hours later. Stone argues that his counsel should have investigated whether the victim's mother influenced the statements the victim made to the police. *(Id.)*

Some factual clarification is helpful here. The victims in Stone's case were his twin fifteen year-old stepdaughters. One of the victims told a school counselor that Stone had showed pornography to her. Police interviewed her within two hours of the report at the high school. (Dkt. 8, Ex. B, App. at 104.) Police waited for 12 hours to interview the *other* twin who disclosed sexual contact. (*Id.* at 106-110.) This *other* twin did have contact with her mother–Stone's then wife–before police interviewed the girl some 12 hours later.

Addressing Stone's argument that his counsel failed to investigate potentially exculpatory evidence, the Wisconsin Court of Appeals stated:

> Stone apparently believes this contact [between mother and daughter] would constitute grounds for suppressing the victim's testimony and he faults his trial counsel for failing to investigate the possibility of 'tampering with witness statements.' Stone's argument is based on pure speculation. The motion does not establish counsel's failure to discover any exculpatory or mitigating evidence and provides no basis for suppressing evidence.

(Dkt. 8, Ex. L, at 3.) Stone's habeas petition does not specify what exculpatory or mitigating evidence his counsel should have located but he does claim "by trial counsel failures and poor legal advice is why Stone plead no contest [sic]." (Dkt. 10 at 9.) This Court must look at the actions taken, and decisions made, by Stone's counsel from his perspective at the time, not in hindsight. This Court indulges a "strong presumption" that the conduct of Stone's counsel falls within the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. at 689. Stone provides no support for his theory that the victim's mother somehow improperly influenced the girls report to the police. Nor does Stone contend that he asked his counsel to investigate what role the mother had on the victim's statement. More importantly, Stone points to no federal law that makes it improper for police to wait 12 hours to talk to a victim and he points to no clearly established federal law supporting his position that his counsel had an obligation to investigate the timing of the police work. Accordingly Stone's habeas petition is not supported by this ground.

### D) Failure to Devote Sufficient Time to Stone's Case

Stone's final ground for habeas stems from the amount of time his counsel devoted to his case. Stone's petition includes time sheets from the Office of the State Public Defender which Stone argues show that his attorney spent 5.1 hours working on Stone's case out of court. The Wisconsin State Court of Appeals considered Stone's argument but concluded that Stone did "not identify exculpatory or mitigating facts that could have been discovered by spending more time on the case. Therefore he has not established any prejudice from his counsel's performance." (Dkt. 8, Ex. L at 4.) Stone fails meet his burden of proving prejudice. That is, Stone has not shown a reasonable

probability that, but for his counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. at 59.

## CERTIFICATE OF APPEALIBILITY

Because the Court is entering a "final order adverse to the applicant," it must address whether it will issue or deny a certificate of appealability. Rule 11 of the Rules Governing § 2254 Cases. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here, I conclude that the petitioner has failed to make a substantial showing of a denial of a constitutional right as to any of his claims. The record does not support finding that a reasonable jurist would find debatable whether the Wisconsin courts unreasonably determined the facts in light of the evidence presented or unreasonably applied clearly established federal law. Accordingly, the certificate of appealability will be denied.

**THEREFORE, IT IS ORDERED** that the petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

The Clerk is instructed to enter judgment of dismissal in favor of the Respondent.

Dated this   27th   day of August, 2010.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge