UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REX G. STONE,

        Petitioner,

v.                                              Case No. 10-C-122

WILLIAM POLLARD,

        Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

On February 12, 2010, after exhausting his appeals at the state level, Petitioner Rex G. Stone ("Stone" or "Petitioner"), who is serving a state sentence displaying pornographic images to a child and second degree sexual assault of a child, filed a petition for federal habeas relief under 28 U.S.C. § 2254, in which he asserts that the representation provided by his attorney was constitutionally inadequate. I dismissed Stone's habeas petition on August 30, 2010 and denied a certificate of appealablity. (Dkt 13 and Dkt 14.) Stone has filed a motion for reconsideration, asking this Court to revisit its dismissal of his habeas petition.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party.

It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Stone's motion for reconsideration contains no new evidence and points to no controlling law. Stone contends that this Court has misinterpreted the facts of the state court record (Mot. For Recons. at 1) because police interviewed one of the 15 year-old victims two days after the investigation started, not twelve hours later as the Court stated in its decision. Stone views this as significant because it would mean the mother of the victim, his ex-wife, would have had more time to influence her before she spoke with the police. But regardless of whether the particular interview occurred twelve hours or two days after the investigation started, Stone offers no evidence that the victim's mother did seek to influence her daughter. Stone pleaded no contest and so the issue was never developed at trial, and Stone fails to offer any evidence now that would suggest that had he gone to trial, such evidence would have been available.

The motion for reconsideration reargues many of the points Stone made in his initial habeas petition (that it is difficult to analyze Stone's counsel's perspective at the time of case; that Stone should not have to prove the prejudice element; that Stone's counsel did not spend enough time on his case; that the criminal complaint was defective). A motion for reconsideration will not be granted where, as here, Petitioner simply reargues points that he made in his petition. This Court considered, and rejected, Stone's arguments. Motions for reconsideration are not intended to be an occasion to reargue or relitigate the original motion. *See Keene Corp. v. International Fidelity*

*Insurance Co.,* 561 F.Supp. 656, 666 (N.D.Ill.1982), *aff'd.* 736 F.2d 388 (7th Cir.1984). In other words, a motion for reconsideration is not a second shot at success by a disappointed litigant.

This Court carefully considered each of the arguments advanced in Stone's habeas petition and denied the petition because the state court decisions adjudicating his claims reasonably applied clearly established federal law and reasonably determined the facts in light of the evidence. Stone's motion for reconsideration, likewise, must be denied because it advances no newly discovered evidence and no manifest error of law or fact.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated this     20th     day of September, 2010.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge