# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REX G. STONE,

        Petitioner,

  v.                                    Case No. 10-C-122

WILLIAM POLLARD,

        Respondent.

## ORDER

Petitioner has filed a notice of appeal of this Court's decision denying his petition for a writ of habeas corpus. Ordinarily, an appellant must pay a statutory filing fee of $455 to appeal to the Seventh Circuit Court of Appeals. Petitioner, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Petitioner filed the required affidavit of indigence along with his motion. (Dkt. 25 and 26.) Upon review of that affidavit, it appears that plaintiff is unable to pay the filing fee.

Section 1915(a)(3) states that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). To act in bad faith, in contrast, means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton,* 209 F.3d

at 1026 (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

Petitioner does not provide reasons for his appeal other than a restatement of his two main habeas petition arguments—ineffective assistance of counsel and lack of jurisdiction—but it is reasonable for this Court to assume that he contests the reasoning of this Court's denial of his habeas petition. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir.1999). Petitioner's appeal, in this case, may focus on whether his attorney diligently investigated potential exculpatory evidence, whether Petitioner's counsel was ineffective for other reasons, or whether the state court lacked personal jurisdiction over Petitioner. A reasonable person could suppose Petitioner's appeal to have at least some legal merit. While this Court denied Petitioner a certificate of appealability, that standard is not the same as the "good faith" standard of § 1915.

In *Lee*, the Seventh Circuit Court of Appeals held to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit. 209 F.3d at 1026. After reviewing Petitioner's likely claims, in light of *Lee*, this Court concludes that his appeal should be certified as not having been taken in bad faith because a reasonable person could conclude that the claims advanced by Petitioner have merit. Thus, the Petitioner's request to proceed *in forma pauperis* on appeal is **granted**.

**SO ORDERED** this    13th    day of October, 2010.

                                                      s/ William C. Griesbach
                                                      William C. Griesbach
                                                      United States District Judge